


RICHARD WOLFROM and
ROSE WOLFROM
4546 B-10 EL CAMINO REAL #183
LOS ALTOS, CA 94022
TELEPHONE 650-799-6196

Plaintiffs in Pro Per

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD AND ROSE WOFROM ) | Case No.: 11-5113-ASW |
| Plaintiffs, ) | A.P NO: 11-05201-SLJ |
| vs. ) | |
| PAUL COSTA, AND JULIE COSTA ) | TRIAL BRIEF |
| Defendants. ) | Trial Date: 12/7/2012 |

TO ALL PARTIES AND THEIR ATTORNIES OF RECORD:

### PREMLINARY STATEMENT

The Plaintiffs, Richard and Rose Wolfrom, understand that the operative proceedings (complaint and answer) will be deemed superceded by the parties' Pre-Trial Conference Statement. Further, the Plaintiffs understand that a debtor has the Constitutional right to declare bankruptcy, and in so doing clear the slate and start over financially. However, this right was intended to benefit the honest debtor, and exceptions were made to render certain debts non-dischargeable in bankruptcy court. See 11 U.S.C. § 523 et seq.

### STATEMENT OF FACTS

In March of 2006, Defendant Paul Costa approached the Wolfroms seeking to borrow $50,000. Mr. Costa stated to the Wolfroms that he needed the money to complete the purchase of

the inventory of Sunnymount Produce, a produce store in Sunnyvale, CA that Defendant Costa purchased from the prior owners, Anthony and Craig Kozy. The loan was for one year, and bore a simple interest rate of 10%. Mr. Costa's failure to repay the full amount of the loan on a timely basis resulted in substantial financial loss to the Wolfroms.

In September of 2008, Defendant Costa once again approached the Wolfroms for money to be used for the benefit of Sunnymount Produce. The Wolfroms agreed to first advance Costa $10,000 to make Sunnymount's payroll, and weeks later another loan to cover rent, insurance, and utilities. Defendant Costa then suggested that these loans be converted into a buy-in, and the Wolfroms would become partners in Sunnymount Produce. From that moment the Wolfroms accepted the offer they put in their time, money, and effort in an attempt to make Sunnymount a successful grocery store.

When Defendant Costa refused to follow through with his offer of partnership to the Wolfroms, the Wolfroms first sought a repayment plan between the parties. (The parties have stipulated that the amount owed is $330,000.00.) When this failed, the Wolfroms sought the advice of counsel, and a Settlement Agreement and Promissory Note were drafted. After the Plaintiffs rejected the Defendants second offer and drafted a counter offer for repayment the Defendants severed all communications with the Plaintiffs, resulting in a lawsuit suit filed in the Superior Court in August, 2010. Days before a Court ordered mediation in April 2011 the Defendants filed for bankruptcy.

The Wolfroms, acting pro per, then instituted an Adversarial Proceeding against the Defendants, Paul and Julie Costa. Trial is scheduled before Hon. Judge Johnson, on December 7, 2012, at 9 a.m.

## POINTS AND AUTHORITIES

The Wolfroms base their action upon 11 U.S. C. §523(a)(2)(A). At trial the Plaintiffs will prove by either standard; by a preponderance of the evidence, or clear and convincing evidence that for all actions, the Defendants committed fraud because they: 1) made a representation: 2) knew at the time the representation was false: 3) made the representation with the intention and purpose of deceiving the creditor: 4) the creditor relied on the representation:5) the creditor

sustained damage as the proximate result of the representation. *In re Apte*, 96 F. 3d 1319, 1322 (9th Cir. 1996), *In re Kirsh* 973 F 2d 1454, 1457 (9th Cir. 1992).

Further, the Defendants are guilty of fraudulent omission in that they failed to disclose two key material facts with the intent of deceiving the Plaintiffs, at the time they asked for money. In re Harmon 250 F. 3d 1240. 1246 (9th Cir. 2001).

The first material fact is that the Wolfroms were never informed that Costa had issued a promissory note to the Kozy's in the amount of $100,000 secured by an inheritance which the Costa's would receive at a later date. However, the inheritance was already received and this is known because Rose Wolfrom and Paul Costa are brother and sister and they received their inheritance at the same time. Secondly, Paul Costa stated that in March 2006, that his annuity was still intact, which he said could be tapped into if necessary to repay the initial loan to the Wolfroms. By his own admission in discovery Paul Costa had cashed in that annuity in 2005.

Costa's actual intent will be demonstrated through both documents and witness statements, and the totality of the circumstances. *In re Anastas* 94 F. 3d 1280 (9th Cir. 1996).

Both Plaintiffs' justifiable reliance on the Defendant, Paul Costa's representations, was based on Rose Wolfrom's relationship as sister, and Richard Wolfrom's having known him for over 25 years. *In re Apte* 180 B.R. at 229 acknowledges that 'justifiable' reliance is a mixture of objective and subjective standards that includes the relationship of the parties themselves. It was only through discovery that the Wolfroms learned of the misrepresentations the Defendants had made. *In re Eashai* 87 F. 3d 1082, 1090 (9th Cir, 1996)

The Plaintiffs will show that the Defendant's fraud was the proximate cause of the damages the Wolfroms suffered. These damages include loss of income, tax penalties, and the use of the money that the Wolfrom's invested in Sunnymount.

## CONCLUSION

Plaintiff's will prove by the preponderance of the evidence that Defendants Paul and Julie Costa committed fraud under 11 U.S. C. §523(a)(2)(A) and that their $330,000.00 debt should not be discharged. The evidence presented by the Wolfroms will prove the elements of fraud that

were discussed above and that given the totality of the circumstances involved it is in the interest of justice to not discharge the debt the Costas owe to the Wolfroms.

DATED: November 29, 2012      By _____
                                  RICHARD WOLFROM

# PROOF OF SERVICE

I am employed in the County of Santa Clara, State of California. I am over the age of eighteen years and am a party to the within action.

**On November 30, 2012,** I served the following document **Trial Brief**

Scott J. Sagaria, Esq.
**Sagarialaw, P.C.**
333 W San Carlos St. Ste 1700
San Jose, CA 95110
408-279-2299

( ) **(BY MAIL)** I placed a true copy in a sealed envelope addressed above, on the above-mentioned date. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business in a sealed envelope with postage fully prepaid.

( ) **(BY OVERNIGHT NEXT DAY DELIVERY)** I enclosed the documents in a envelope or package provided by an overnight delivery carrier and addressed to the persons at the address above. I place the envelope or package for collection and overnight delivery at an office of a regularly utilized drop box of the overnight carrier.

( ) **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the addressee.

(x) **(BY FACSIMILE)** From facsimile number _(650) 856-2010_, I caused such document to be transmitted by facsimile machine to the parties and numbers indicated above, pursuant to Rule 2008. The facsimile machine I used complied with California Rules of Court, Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this declaration.

( ) **(BY ELECTRONIC SERVICE)** Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed above.

Executed on **November 30, 2012** in Palo Alto, California.

(X) **(STATE)** I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

( ) **(FEDERAL)** I declare I am employed in the office of a member of the Bar of this Court at whose direction service was made.

Todd Axtell